IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES A. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05-cv-923-MEF |
| | ) | |
| DONAL CAMPBELL, *et al.*, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motions for summary judgment (Doc. ## 8, 17)

filed by the Richard Allen, Commissioner of the Department of Corrections, and William C.

Segrest, Executive Director of the Alabama Board of Pardons and Paroles (collectively

"Defendants").  On October 10, 2007, Magistrate Judge Wallace Capel issued a Report and

Recommendation (Doc. # 33) to this Court recommending that the Defendants' motions for

summary judgment be granted.  Plaintiff Charles Lee ("Lee") filed an objection to the Report

and Recommendation on October 22, 2007 (Doc. # 34).  After a careful review of the record

and the arguments made by the parties in this case, the Court finds that the Recommendation

of Judge Capel is due to be ADOPTED, with the following modifications stating additional

grounds for summary judgment in favor of Defendants.

Lee pled guilty in 1972 to two counts of murder and was sentenced to life in prison.

Lee escaped from prison, but was recaptured and sentenced to 99 years imprisonment for

escape in the first degree to run consecutively to his life sentence.  Lee has been considered

several times for parole, but has been denied parole each time.  The most recent denial

occurred on May 12, 2003.

Lee contends that his May 12, 2003, parole hearing denied him due process because the Alabama Board of Pardons and Paroles' ("the Board") decision to deny him parole was based on false information. Lee cites *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991) for the proposition that a prisoner can not be denied parole based on false information. In *Monroe*, the Circuit held that it is a denial of due process for a state to deny parole based on information that the state knew to be false at the time. Lee claims that he was denied parole because of allegedly false information contained in his parole file suggesting that he raped one of his victims after her death, as well as reports that Lee has made death threats regarding the Alabama Attorney General and other state officials.

Lee presented evidence of the basis for the Board's denial in the form of an affidavit of Paulette Butt ("Butt"), an individual who attended his May 12, 2003, parole hearing. Butt's affidavit states that the Board heard testimony from various individuals protesting the parole of Lee. One of these individuals was the Mobile District Attorney, who testified that Lee had made threats to people in the Mobile area. The affidavit further states that, after Lee's parole was denied, Butt met with Robert Oaks ("Oaks") at the Parole Office and they reviewed Lee's parole file. At this meeting, Oaks informed her that Lee had raped one of his victims.

Under Alabama law, the decision to grant a prisoner parole is left to the discretion of the Board. Ala. Code § 15-22-26; *Monroe*, 932 F.2d at 1441. Therefore, a prisoner does not

have a liberty interest in parole that is protected by the Due Process Clause. *Id.* For this reason, "federal courts should not interfere with the discretionary decisions of the Board 'absent flagrant or unauthorized action' by the Board." *Id.* (quoting *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir.1982) (per curiam)). A state's denial of parole based on information the state knew to be false constitutes "flagrant or unauthorized action" exceeding its authority under section 15-22-26, which is "arbitrary and capricious" conduct in violation of the Due Process Clause of the Fourteenth Amendment. *Monroe*, 932 F.2d at 1442. However, a prisoner's "conclusory allegation" that his parole file contains false information, and that his denial of parole was based on false information, is insufficient to give the prisoner a due process right to examine their parole file as part of a "general fishing expedition" in search of false information that might exist. *See Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).

In this case, Lee is not on a fishing expedition like the prisoner in *Slocum*. Indeed, Lee is not even requesting access to his parole file. Unlike *Slocum*, Lee has presented this Court with several excerpts from his parole file, which he claims contain false information. These excerpts consist of several reports of death threats made by Lee and a redacted version of his Presentence Investigation Report ("PSI").

In order to state a violation of the Fourteenth Amendment right to Due Process, Lee has the burden of proving that the Board's decision to deny him parole was a "flagrant or unauthorized action." *Monroe*, 932 F.2d at 1441. Lee has presented evidence that the Board

heard testimony that he had made death threats to individuals in the Mobile area.  Lee has

also presented evidence that his parole file contains reports of death threats to several state

officials.  Even if this Court assumed that the Board's decision to deny parole to Lee was

based, at least in part, on these allegations, Lee has not presented this Court with any

evidence that these allegations are false.  A prisoner's conclusory allegations that false

information was used to deny him parole, without more, is insufficient to establish "flagrant

or unauthorized action."  *Id.* at 1442.

The allegedly false information in the PSI is contained in the report's description of

Lee's brutal murder of Carolyn A. Burnett and Kit Anthony Harrington on May 27, 1969.

The PSI discusses how Lee backed his car into Burnett's car while Burnett and Harrington

were having sexual intercourse in the back seat.  Lee then proceeded to kill the two of them,

placed Burnett in the trunk of his car, and drove to a field where he unloaded her body.  The

PSI goes on to state:

> It is not known if Lee had sexual relations with [Burnett] due to the fact that
> she had only recently had intercourse with Harrington.  However, this officer
> was told by one of the assistant district attorneys that there was some sexual
> activity involved on Lee's part, in all probability, after the Burnett girl was
> dead.

PSI at 2.  Lee claims that the PSI's allegation that he raped Burnett after she was dead is

false, and the Board's reliance on this false information denied him due process.

The fact that these statements are contained in Lee's PSI is somewhat troubling.

Given the fact that the government admitted it could not determine whether Lee had sexual

relations with Burnett, either before or after her death, due to her recent intercourse with Harrington, the allegation that "some sexual activity [was] involved on Lee's part, in all probability, after the Burnett girl was dead" is pure speculation. *Monroe* held that knowing reliance on false information is sufficient to establish "flagrant or unauthorized action." However, simply relying on purely speculative information does not meet the "knowing" standard established by *Monroe*.  The fact that something is speculation does not automatically make it false; therefore, relying on pure speculation would constitute recklessness at most.  Nevertheless, this Court need not decide whether reliance on facially speculative information to deny parole constitutes "flagrant or unauthorized action" under section 15-22-26, because Lee has not presented any evidence that the Board relied on, or even considered, the allegedly false statements made in the PSI when they denied his parole. Butt's affidavit recounts the information that was presented to the Board during the parole hearing, and there is no indication that the issue of rape was ever brought up during the hearing.  The only mention of rape occurred *after* Lee's parole was denied, when Oaks went through Lee's parole file with Butt during their meeting at the Parole Office.  This fact is not evidence that the Board considered any alleged rape by Lee as a reason for denying him parole.

## V.  CONCLUSION

For the reasons set forth above, it is the ORDER, JUDGMENT and DECREE of the Court that:

(1)  The petitioner's Objection to the Magistrate Judge Recommendation (Doc. # 34), filed on October 22, 2007 is OVERRULED;

(2) The Recommendation of the United States Magistrate Judge (Doc. # 33), entered on October 10, 2007, is ADOPTED and MODIFIED as set forth herein;

(3)  Defendants' motions for summary judgment (Doc. ## 8, 17) are GRANTED;

(4)  This case is DISMISSED WITH PREJUDICE;

(5) This Court will enter a separate final judgment taxing costs.

DONE this the 31st day of October, 2007.

          /s/ Mark E. Fuller         

CHIEF UNITED STATES DISTRICT JUDGE
